### City of Newport *v.* C. J. Limerick, et al.

**Garnishment of City.**

> Where the city is garnisheed in an action against one claiming to be a creditor of the city, and the city answers denying the indebtedness, it is error to permit the plaintiff to take judgment against the city in that action. This could only be done after issue formed between the plaintiff and the city in an original action.

#### APPEAL FROM CAMPBELL CHANCERY COURT.

#### September 20, 1879.

Opinion by Judge Pryor:

This judgment must be reversed. There is no cause of action alleged against the city by Walsh, or by those who are seeking to make the city liable by the debts of Walsh.

It is alleged that the city of Newport is indebted to Walsh, in some of the petitions in a sum more than sufficient to pay the debts. This indebtedness the city expressly denies, and the allegation that the city has paid the debt is in aid of the denial. At least, the denial having been made by the garnishee, it ended the case. The chief officer of the corporation may be examined on oath and his statements, when showing an indebtedness will authorize a judgment, and so of any garnishee. The law, as has often been decided by this court, is that where a garnishee has been summoned and appears he may be examined, and for that purpose he may be compelled to appear; but when appearing and denying any indebtedness it ends the case, if he is simply proceeded against as a garnishee. If he fails to make a satisfactory disclosure the creditor of the debtor may proceed against him by an original or amended pleading, setting forth the indebtedness and the consideration. In other words he sues in the name of the debtor, and must allege and prove his cause of action in order to succeed.

The complaint in the case is that the garnishee has not disclosed. The answer is certainly as good as the complaint. One says he owes and the other denies it. The disclosure is not satisfactory, or the denial precludes the creditors from proceeding further except to examine the garnishee. This he is not willing to risk, and the statute then provides that he may sue in the name of the debtor. The errors in this case, or one of them, as assigned, is that no cause of action has been alleged against the city.

The judgment in the consolidated causes is *reversed* and cause remanded. The parties may amend their pleadings, if in time. See *Wilder v. Shea,* 13 Rush 128.

*A. T. Root, for appellant.*

*F. M. Webster, E. W. Hawkins, for appellees.*